I agree that the city ordinance, forbidding a person under the influence of liquor to drive a motor vehicle, is plain enough, without saying intoxicating liquor. No one could doubt that the expression "under the influence of liquor" means "under the influence of intoxicating liquor," for that is the only kind of liquor that has the influence meant by the expression.
I agree also that the judge of the city court did not have authority or jurisdiction to try the defendant for a violation of the Act 132 of 1922, for operating a motor vehicle while he was in an intoxicated condition. Section 41 of article VII of the Constitution declares:
 "Cases in which the punishment may be at hard labor shall be tried by a jury of five, all of whom must concur to render a verdict."
Imprisonment at hard labor means imprisonment in the penitentiary. The Act 132 of 1922, as originally enacted, declared that any one found guilty of operating a motor vehicle, of any nature whatsoever, while in an intoxicated condition, should be deemed guilty of a misdemeanor and be punished by fine or imprisonment in the parish jail. But the Act 78 of 1924, in unmistakable terms, declares that the Act 132 of 1922 is amended and re-enacted, so that any one found guilty of operating a motor vehicle, of any nature *Page 882 
whatsoever, while in an intoxicated condition, "shall be guilty of a felony," and be punished by either fine "or imprisonment in the penitentiary," etc.
I am averse, though, to the rewriting or revising of this statute so as to say that it is not unlawful for an intoxicated person to drive a motor vehicle, unless he happens to injure some person or property, in which event the intoxicated driver is guilty of a felony, subject to imprisonment in the penitentiary.
If the Act 132 of 1922, as amended by the Act 78 of 1924, is so doubtful or obscure in its meaning that it cannot be enforced, we ought to say so, and let the Legislature write the law anew. Article II of the Constitution reminds us that the state government is divided into three distinct departments, the legislative, the executive, and the judicial department and admonishes us that one department, or the officials in any one department, shall not exercise any function belonging to another department, except in such instances as are expressly directed or permitted by the Constitution.
It is conceded that the deleting of the word "or" will change the meaning of this statute. It is not contended that the writing of the word "or" into the statute was accidental, or without a purpose. In fact, before we would finally consider this case in our consultation room, we obtained from the secretary of state a photograph of the original act on file in his office, and it shows that the act is printed as it was written and adopted, with the words "and, or."
Section 16 of article III of the Constitution requires that every act of the Legislature shall have a title indicative of its object. The title of the Act 78 of 1924 is not at all indicative of its object, if its object was to amend the Act 132 of 1922 so as to make it lawful for an intoxicated person to drive a motor vehicle, so long as he does not injure *Page 883 
any person or property, and to make it a felony, subject to imprisonment in the penitentiary, if the intoxicated driver does happen to injure some one or some one's property.
I concede that the phraseology of the Act 78 of 1924 is not artistic. Literally it means that it is unlawful for an intoxicated person to operate a motor vehicle, whether he does or does not thereby injure any person or property, and that it is unlawful also for a person operating a motor vehicle to injure any person or property, whether the operator be intoxicated or not intoxicated. That is what the Legislature has said. There is no occasion for us to decide, in this case, whether the statute is or is not so doubtful, or so drastic, that it should not be enforced. The conviction for the alleged violation of the statute is null in any event, because the judge of the city court had not the authority or jurisdiction to try the case. If the statute, as amended, is unenforceable, there is no authority for the prosecution; and, if the statute, as amended, is enforceable, the case is triable only by a jury of five members, in the district court. Therefore the rewriting of the statute, in the majority opinion, so as to make it lawful for an intoxicated person to drive a motor vehicle, so long as he does not thereby injure any person or property, was not at all necessary for a decision of the case. The decision in that respect is founded upon the supposition that was entertained by the district attorney and by the judge of the city court that, if the statute, as amended, is so obscure and doubtful in its meaning that it cannot be enforced, we ought to unscramble the eggs and enforce the statute as it was originally enacted. That might be the consequence if the act of 1924 were an independent statute, purporting to repeal, and not to amend and re-enact, the act of 1922, and if the new act were unconstitutional or otherwise null. But the statute *Page 884 
which we are trying to find the meaning of is the act of 1922, as amended and re-enacted in 1924. There is only one statute. If we cannot find its meaning or give it effect, as it is, we have no authority to unamend it, so to speak, or to re-enact it as it was first enacted.
There are some expressions in the majority opinion rendered in this case which seem to be not consistent with the ruling that the amendment of the statute has made it lawful for an intoxicated person to operate a motor vehicle, so long as he does not thereby injure any person or property. For example, on the second page of the typewritten document, it is said:
 "For the declared purpose of said act (of 1924) is to amend the act of 1922, and this has been carried out by so amending that act as to make that a felony which formerly was only a misdemeanor."
What was formerly only a misdemeanor, under the act of 1922, was the operating of a motor vehicle by a person in an intoxicated condition. I agree that that has been made a felony by the amendment of the act; but I cannot reconcile that with the idea that the amendment has made it lawful for an intoxicated person to operate a motor vehicle, so long as he does not injure any person or property.
On the third page of the original opinion, it is said, with regard to the use of both conjunctions "and" and "or," in the alternative:
 "Such latitude in contracts is, of course, permissible to individuals, who may contract as they please, but not so with a Legislature in making its laws; it must express its own will and leave nothing to the mere will or caprice of the courts, especially in the matter of punishing offenses."
I cannot reconcile that doctrine with our taking the liberty of rewriting this statute, and, by expunging a word, giving the statute an effect which the Legislature did not intend it to have. I say that the Legislature did not intend that we should delete the *Page 885 
word "or" and thereby make the amendment of the law such as to make it lawful for an intoxicated person to drive the motor vehicle, so long as he does not injure any person or property. The title of the amending act contains a copy of the amended act, declaring its purpose to be:
 "To make the operation of any motor vehicle of any nature whatsoever by any person while in an intoxicated condition a misdemeanor," etc.
This title of the amended act was copied again in the first section of the amending act. There was not the slightest suggestion that the law was to be amended so as to make that lawful which was theretofore unlawful; that is, the operating of a motor vehicle by an intoxicated person, without injuring any person or property. Again, in the second paragraph of the amending act, the first section of the amended act is copied verbatim, viz.:
 "Section 1. Be it enacted by the Legislature of Louisiana, that it shall be unlawful for any person, while in an intoxicated condition to operate any form of motor vehicle, whatsoever."
What right have we to expunge a word from this amending act, and thereby convert it into the meaning that the act of 1922 is amended so as to read:
 "That it shall be not unlawful for any person while in an intoxicated condition to operate any form of motor vehicle whatsoever — unless he injures some person or property."
Again, on the fourth page of the majority opinion in this case, it is said that the very title of this amending act, as well as its first section, indicates that it was meant to denounce and punish a person for operating a motor vehicle only while in an intoxicated condition. Perhaps it was not meant to punish a person for injuring another, or another's property, by the operating of a motor vehicle, unless the person operating the vehicle was in an intoxicated condition. But that conclusion would not justify our inverting the language of this statute so as to make *Page 886 
it lawful for an intoxicated person to operate a motor vehicle, so long as he does not happen to injure any person or property.
The two justices who have dissented from the decree annulling the conviction under the statute have expressed the opinion that the act of 1924 is too vague to be held constitutional, and that the act of 1922 is still in force. I doubt that the act of 1922 would be revived in its original form if it should be declared so vague as to be unconstitutional in its amended form. But, if the act of 1924 is so vague as to be unconstitutional, and if, therefore, the original act of 1922 is in force, the conviction and sentence for violation of the act of 1922 should be affirmed. That is the theory on which the district attorney and the judge of the city court proceeded in this case. The city court was without jurisdiction, and so was the district judge alone, if the act of 1924 is valid, because the act makes the offense punishable by imprisonment in the penitentiary, and therefore triable only by a jury of five members; and there was no authority for the prosecution if the statute, as amended, is not enforceable. Therefore I concur in the decree that the conviction for violation of the statute was illegal.